ELBERT, March, 1831.

GILMER
v.
BLACKWELL.

Comyn's Dig. by Day, p. 54, et seq. and the authorities there cited.

--»»•◉◉•«««-

### IN WILKES SUPERIOR COURT, JULY, 1831.

## The Heirs of PETER EARLY *vs.* ADIEL SHERWOOD.

### *Motion to set aside the return to a Writ of Partition.*

THE facts in this case are as follows. Mr. Francis Smith died in the year 1814, and by will bequeathed his land to be equally divided between his children at the death of his wife. Peter Early had intermarried with a daughter of Francis Smith. After his death, Peter Early died, and his relict intermarried with Adiel Sherwood, the defendant in this motion. Subsequent to the intermarriage, Mrs. Smith, the tenant for life died, and Mrs. Sherwood had previously deceased. The defendant in this motion applied for and obtained a writ of partition, which has been returned executed. The plaintiffs in this motion, within the time prescribed by law came into court, and moved to set aside the return, on the ground that the defendant in this motion was not entitled to that part of the land which had been given to Mrs. Ann Early, but that they the heirs of Peter Early deceased are entitled to it.

*Per Curiam.* When a man marries a woman holding property in her own right, the husband is entitled to that property, if he reduces it to possession in the lifetime of the wife; but if he does not reduce it to possession, and dies, such property shall survive to the wife, and shall not vest in the executor or administrator of the husband. But where property is given to the wife during the coverture, it vests absolutely in the husband, and need not be reduced to posses-

When a man marries a woman holding property in her own right, he is entitled to that property, if he reduce it to possession in the life time of the woman: But if he does not, and dies, the property survives to the wife and does not vest in his executor or administrator.

And if property be given to the wife *during* coverture, it vests absolutely in the husband, and need not be by him reduced to possession in the life time of the wife.

Tayl. 44. 1 Hayw. 275 and 278. 2 Conn. Rep. 564. 2 Conn. Rep. 143.

WILKES,
July, 1831.

EARLY
v.
SHERWOOD.

2 Day's Comyn,
209.  1  Bac.
Abr. 290.

sion by him in the lifetime of his wife. In the case under consideration, the property was bequeathed to Mrs. Ann Early, during the coverture, it therefore vested in her husband, and after his death in his heirs, of whom Mrs. Early was one. Adiel Sherwood, the defendant in this motion, is entitled to that part of the land bequeathed to which Mrs. Sherwood was entitled as one of the heirs of Peter Early deceased, and not to the whole of the land bequeathed, which vested in Peter Early in his lifetime; although the life estate created by the will had not expired at the time of Peter Early's death.

Motion to set aside the return, sustained.